MARK G. TRATOS, ESQ.
Nevada Bar No. 1086
tratosm@gtlaw.com
LAURI S. THOMPSON, ESQ.
Nevada Bar No. 6846
thompsonl@gtlaw.com
LARAINE BURRELL, ESQ.
Nevada Bar No. 8771
burrelll@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002
*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| HAKKASAN LV, LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company, | Case No.: |
| Plaintiffs, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | (1) Cybersquatting under 15 U.S.C. § 1125(d) |
| EZ LEASE PROPERTY MANAGEMENT, LLC, also known as EZ LEASE PROPERTYS, a Nevada limited liability company, | (2) Trademark Infringement under 15 U.S.C. § 1114 |
| | (3) Unfair Competition under 15 U.S.C. § 1125(a) |
| Defendant. | (4) Common Law Trademark Infringement |
| | (5) Deceptive Trade Practices under N.R.S. 598.0903, et seq. |
| | (6) Intentional Interference with Prospective Economic Advantage |

For their complaint against Defendant EZ Lease Property Management, LLC, also known as EZ Lease Propertys, a Nevada limited liability company ("Defendant"), Plaintiffs, Hakkasan LV, LLC, a Nevada limited liability company and Hakkasan Limited, a foreign private limited company ("Plaintiffs") complain and allege as follows:

///

LV 420237672v3

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

**NATURE OF ACTION**

This is an action for cybersquatting, trademark infringement and unfair competition under federal statutes, with pendent claims for common law trademark infringement, state deceptive trade practices, and intentional interference with prospective economic advantage.  Plaintiffs seek damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

**JURISDICTION**

1.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a).  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

2.      This Court has personal jurisdiction over Defendant based upon the following: (a) Defendant is a domestic limited liability company organized and existing under the laws of the State of Nevada; (b) Defendant operates several web sites on the Internet that are accessible to residents of the State of Nevada; and (c) Defendant committed tortious acts that it knew or should have known would cause injury to Plaintiffs in the State of Nevada.

3.      Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c).  Venue lies in the unofficial Southern Division of this Court.

**PARTIES**

4.      Plaintiff Hakkasan LV, LLC ("Hakkasan LV"), a Nevada limited liability company, is an indirect wholly owned subsidiary of Plaintiff Hakkasan Limited ("Hakkasan Parent"), a foreign private limited company that is qualified to do business in the state of Nevada.  Hakkasan LV owns and operates Hakkasan, a premier nightclub and restaurant venue located  inside the MGM Grand Hotel and Casino on the Las Vegas strip ("Hakkasan Las Vegas").  Hakkasan Parent also owns and/or operates, either directly or through its subsidiary companies, several other Hakkasan restaurants around the globe, including Dubai, London, New York, San Francisco and Miami.

5.      Defendant is a Nevada limited liability company organized and existing under the laws of the State of Nevada.  See printout of Secretary of State information, attached hereto as **Exhibit   1**   and   printouts   of   Whois   Information   for   <mgmgrandhakkasan.com>, <mgmgrandhakkasannightclub.com> and <mgmhakkasannightclub.com> Internet Domain Names,

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  attached hereto as **Exhibit 2**.

2  **ALLEGATIONS COMMON TO ALL COUNTS**

3      6.    Hakkasan is a famous restaurant and nightlife venue with multiple locations around

4  the world. Hakkasan Las Vegas encompasses approximately 80,000 square feet of restaurant,

5  nightclub and lounge space. This venue features a modern Cantonese restaurant, headed up by a

6  Michelin-starred chef, a 55,000 square foot nightclub featuring elaborate cocktail lounges and a

7  garden pavilion with a two-story waterfall. In addition, Hakkasan LV has booked some of the most

8  famous DJ's in the world to perform at Hakkasan Las Vegas, including Tiësto, Calvin Harris, and

9  Steve Aoki.

10      7.    Hakkasan Parent owns the mark HAKKASAN in connection with, among other

11  things, restaurant, bar and nightclub services. In particular, Hakkasan Parent owns federal trademark

12  registrations (U.S. Reg. Nos. 3,789,248 and 4,458,604) for HAKKASAN for, among other things,

13  bar and restaurant services, nightclubs, and nightclub services, and pending trademark applications

14  (U.S. Ser. Nos. 86/183953, 86/183947, and 86/183935) for entertainment services, retail store

15  services, clothing, and related goods and services (the "HAKKASAN Marks"). Hakkasan LV is a

16  licensee of the HAKKASAN Marks in connection with its ownership and operation of Hakkasan Las

17  Vegas.

18      8.    None of Hakkasan Parent's federal trademark registrations or pending trademark

19  applications have been abandoned, canceled or revoked.

20      9.    Since opening the original HAKKASAN in 2001 and its first US location in 2009,

21  Hakkasan Parent and its predecessors-in-interest, have used the HAKKASAN Marks in connection

22  with advertising and promoting its restaurants in the United States and around the world. As a

23  licensee of the HAKKASAN Marks, Hakkasan LV has used the HAKKASAN Marks to promote its

24  Las Vegas restaurant and nightclub services in the United States and around the world since 2012.

25      10.    The HAKKASAN name and mark is an internationally recognized and respected

26  name in the restaurant and nightlife industry. Plaintiffs have spent millions of dollars to advertise

27  and promote the HAKKASAN Marks in print, broadcast media and on the Internet through their

28  website, accessible throughout the United States and around the world at <hakkasan.com> and

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420237672v3

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada  89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

<hakkasanlv.com>.  True and correct copies of the home pages for Plaintiffs' web sites are attached hereto as **Exhibit 3** and are incorporated herein by this reference.  In addition, Plaintiffs have made extensive use of the HAKKASAN Marks on, among other things, signage, billboards and promotional materials.

11.     Based on its federal trademark registrations, pending federal trademark applications and extensive use, Hakkasan Parent owns the exclusive right to use its HAKKASAN Marks in connection with restaurant, bar, nightclub and related goods and services.  As a licensee of the HAKKASAN Marks and pursuant to an agreement between the parties, Hakkasan LV is entitled to the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada in connection with Hakkasan Las Vegas for restaurant, bar and nightclub services and is entitled to enforce its rights against Defendant.

12.     The uniqueness of Hakkasan Las Vegas, along with the extensive advertising and promotion of Hakkasan Las Vegas have resulted in the HAKKASAN name and mark being distinctive and famous for bar, restaurant and nightclub services.

13.     On or about April 18, 2013, the same day that Hakkasan Las Vegas opened for business, Defendant registered the Internet domain names <mgmgrandhakkasan.com>, <mgmgrandhakkasannightclub.com>, and <mgmhakkasannightclub.com> (the "Infringing Domain Names") with Register.com, a registrar for domain names.  The Infringing Domain Names contain the entirety of Hakkasan Parent's famous HAKKASAN trademark together with the words "MGM" or "MGM Grand," the location of Plaintiffs' newest and most extravagant restaurant and nightclub venue.  Two of the Infringing Domain Names contain the term "nightclub,"  the primary services provided by Plaintiffs under the HAKKASAN mark inside Hakkasan Las Vegas.

14.     Sometime after registration, Defendant parked the Infringing Domain Names on web pages containing live search and reference links to "MGM Grand Las Vegas,"  "Nightclub Las Vegas," and "Las Vegas NV Hotel," among others.  True and correct screenshots of the home pages for Defendant's websites taken on or about April 23, 2014 are attached hereto as **Exhibit 4**.

15.     Plaintiffs became aware of the infringing nature of the Infringing Domain Names in or about April 2014.

16.     On or about April 30, 2014, Plaintiffs sent Defendant a demand letter via certified mail and registered email requesting that Defendant immediately cease use of the Infringing Domain Names and transfer the Infringing Domain Names to Plaintiffs.  See April 30, 2014 Demand Letter from Lauri S. Thompson, Esq., attached hereto as **Exhibit 5**.

17.     Defendant responded via email on May 10, 2014.   While Defendant denied any wrongdoing by registering the Infringing Domain Names, Defendant offered to sell Plaintiffs the Infringing Domain Names for Two Million Dollars ($2,000,000.00).   See May 10, 2014 Email Response received from Defendant, attached hereto as **Exhibit 6**.

18.     On May 14, 2014, Plaintiffs' counsel had a telephone conversation with Keith Crawford, one of the principals of Defendant, regarding the unauthorized registration and use of the Infringing Domain Names.  Mr. Crawford claimed that Defendant was in the business of advertising and ranking Las Vegas nightclubs and purchased the Infringing Domain Names for such purpose.

19.     On May 14, 2014, Plaintiff's counsel checked to see if the Infringing Domain Names had been dropped or transferred, and found the Defendant still owned the Infringing Domain Names, and had directed them to another website owned by Defendant, <linqlasvegasnv.com>.  This website advertises Defendant's property management business and offers over 100 domain names for sale. See Printout of screenshot of the home page of <linqlasvegasnv.com> attached hereto as **Exhibit 7, pp. 13-14.**

20.     Sometime on May 15, 2014, Defendant made another change and connected the Infringing Domain Names to websites that expressly offer the Infringing Domain Names for sale. See Printouts of screenshots of the Infringing Domain Names taken on May 15, 2014, attached hereto as **Exhibit 8**.

21.     Upon information and belief, Defendant's purported "news reporting" and advertising activities are used as a front to lure internet users to its websites where Defendant is actually engaged in the business of selling internet domain names and/or attempting to extort millions of dollars from trademark owners in connection with its cybersquatting activities.

22.     Indeed, Defendant's <linqlasvegasnv.com> website encourages people to buy domain names with others trademarks in them, stating:

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Own a piece of Las Vegas today that will be worth millions of dollars! In case you hadn't heard, The Linq is a $550 million district coming to the center of the Las Vegas Strip that will include copious amounts of retail stores, dining and entertainment, as well as a giant observation wheel called The High Roller. In other words, The Linq is about to dramatically transform what's already the world's most exciting city. There are no trademark Infringements on this domain name and you can own it today! Domain has been cleared to sell by an Domain Infringement Attorney! This domain name will go up in price the closer it gets to opening day, so act now!

See Printout of screenshot from <linqentertainment.com> taken on May 15, 2014, attached hereto as **Exhibit 9**.

23.     Notably, this domain name and website makes use of THE LINQ trademark owned by Caesars Licensing Company, LLC and was not authorized by Caesars. See Declaration of Jane Tyler, Director of Trademark Administration, for Caesars Entertainment Operating Company, Inc., the sole member of Caesars License Company, LLC, attached hereto as **Exhibit 10**.

24.     Upon information and belief, Defendant has also included the Infringing Domain Names on its <linqlasvegasnv.com> website for sale.

25.     By registering and/or using domain names containing the entirety of Plaintiffs' trademark, Defendant was and is attempting to trade on the goodwill of Plaintiffs.

26.     By registering and/or using domain names containing the entirety of Plaintiffs' trademark, Defendant was and is attempting to divert Internet users looking for Plaintiffs' websites to its own websites.

27.     By registering and/or using domain names containing Plaintiffs' trademark(s), Defendant was and is attempting to create an association between the Infringing Domain Names and the Plaintiffs' famous trademarks.

28.     Plaintiffs' marks at issue in this case were distinctive at the time Defendant registered the Infringing Domain Names.

29.     By registering the Infringing Domain Names on the same day that Plaintiffs' Hakkasan Las Vegas restaurant and nightclub opened to the public, making no legitimate use of the Infringing Domain Names, and then offering to sell the Infringing Domain Names to Plaintiffs for $2,000,000, it is clear that the Defendant registered the Infringing Domain Names with the bad faith

1   intent to profit from Plaintiffs' marks.

2        30.    Upon information and belief, the Defendant has no trademark or other intellectual

3   property rights in the Infringing Domain Names.

4        31.    Upon information and belief, the Defendant had no prior use of the Infringing

5   Domain Names in connection with the bona fide offering of any goods or services.

6        32.    Upon information and belief, the Defendant intended to divert customers from the

7   Plaintiffs' web sites to the Infringing Domain Names in a manner that could harm the goodwill

8   represented by Plaintiffs' marks, using the same blackmail and extortion tactics the Defendant has

9   used against Caesars.

10        33.    Plaintiffs' HAKKASAN mark incorporated in Defendant's Infringing Domain Names

11   is distinctive and famous.  Upon information and belief, the Defendant did not believe or have

12   reasonable grounds to believe that the use of the Infringing Domain Names was a fair use or

13   otherwise lawful.

14   **FIRST CLAIM FOR RELIEF**

15   (Cybersquatting under the
Lanham Act, 15 U.S.C. § 1125(d))

16

17        34.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth

18   herein.

19        35.    Defendant registered, trafficked in, and/or used domain names that are identical or

20   confusingly similar to and/or dilutive of Plaintiffs' trademarks, which were distinctive and/or famous

21   at the time of registration of the Infringing Domain Names.

22        36.    Defendant has or had a bad-faith intent to profit from Plaintiffs' trademarks.

23        37.    As a direct and proximate result of such conduct, Plaintiffs have suffered, and will

24   continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

25   **SECOND CLAIM FOR RELIEF**

26   (Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

27

28        38.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420237672v3

herein.

39.     Defendant used and/or are using in commerce the Infringing Domain Names which each contain the entirety of Plaintiffs' HAKKASAN mark, and, thus is confusingly similar to Plaintiffs' name and trademarks.

40.     Defendant's use in commerce of Plaintiffs' marks and/or a mark confusingly similar to Plaintiffs' trademarks in the Infringing Domain Names and associated web sites as identified in the Allegations Common To All Counts section above, constitutes a reproduction, copying, counterfeiting, and colorable imitation of Plaintiffs' trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

41.     By using Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks with the knowledge that Plaintiffs own and have used, and continue to use, their trademarks in Las Vegas, across the United States, and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

42.     Defendant's use of Plaintiffs' marks and/or marks confusingly similar to Plaintiffs' trademarks has created a likelihood of confusion among consumers who may falsely believe that Defendant's business or web sites are associated with Plaintiffs' Las Vegas restaurant and nightclub or that Plaintiffs sponsor or approve of Defendant's services or commercial activities.

43.     As a direct and proximate result of Defendant's infringement, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and goodwill.

### THIRD CLAIM FOR RELIEF
(Unfair Competition under the
Lanham Act, 15 U.S.C. § 1125(a))

44.     Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

45.     Defendant's use in commerce of marks identical and/or confusingly similar to Plaintiffs' trademarks in connection with Defendant's services, web sites, and Internet domain names, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which is likely to cause confusion, cause mistake, or deceive as to affiliation,

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420237672v3

1  connection, or association with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's

2  services or commercial activities.

3    46.    Defendant's use in commerce of Plaintiffs' marks and/or marks confusingly similar to

4  Plaintiffs' trademarks with the knowledge that Plaintiffs own and have used, and continue to use,

5  their trademarks constitutes intentional conduct by Defendant to make false designations of origin

6  and false descriptions about Defendant's services and commercial activities.

7    47.    As a direct and proximate result of such unfair competition, Plaintiffs have suffered,

8  and will continue to suffer, monetary loss and irreparable injury to their business, reputation, and

9  goodwill.

**FOURTH CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

10

11

12    48.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth

13  herein.

14    49.    By virtue of having used and continuing to use their trademarks, Plaintiffs have

15  acquired common law rights in those marks.

16    50.    Defendant's use of marks identical and/or confusingly similar to Plaintiffs'

17  trademarks infringes Plaintiffs' common law rights in their trademarks, and this use is likely to cause

18  confusion, mistake, or deception among consumers, who will believe that Defendant's services, web

19  site and/or Internet domain names originate from, or are affiliated with, or endorsed by Plaintiffs

20  when, in fact, they are not.

21    51.    As a direct and proximate result of Defendant's infringement of Plaintiffs' common

22  law trademark rights under Nevada and other common law, Plaintiffs have suffered, and will

23  continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**
(Deceptive Trade Practices
Under N.R.S. § 598.0915)

24

25

26    52.    Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth

27  herein.

28    53.    Upon information and belief, in the course of conducting their business, Defendant

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420237672v3

1    knowingly made false representations as to affiliation, connection and/or association with Plaintiffs

2    by using a mark confusingly similar to Plaintiffs' trademarks and otherwise engaging in deceptive

3    trade practices.

4        54.   As the direct and proximate result of Defendant's conduct, Plaintiffs have suffered,

5    and will continue to suffer, monetary damages and irreparable injury to their business, reputation,

6    and goodwill.

**SIXTH CLAIM FOR RELIEF**
(Intentional Interference with
Prospective Economic Advantage)

9        55.   Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth

10   herein.

11       56.   Upon information and belief, at the time Defendant adopted and began using

12   Plaintiffs' names and marks and since that time, Defendant knew and has known that Plaintiffs are in

13   the business of providing restaurant and bar services and more recently, nightclub services.

14       57.   Upon information and belief, Defendant committed acts intended or designed to

15   disrupt Plaintiffs' prospective economic advantage arising from advertising and/or providing these

16   services.

17       58.   Defendant's actions have disrupted or are intended to disrupt Plaintiffs' business by,

18   among other things, diverting web users away from Plaintiffs' web sites.

19       59.   Defendant has no legal right, privilege or justification for its conduct.

20       60.   As a direct and proximate result of Defendant's intentional interference with

21   Plaintiffs' prospective economic advantage, Plaintiffs have suffered, and will continue to suffer,

22   monetary damages and irreparable injury.

23       61.   Based on the intentional, willful and malicious nature of Defendant's actions,

24   Plaintiffs are entitled to recover exemplary damages and reasonable attorneys' fees and costs

25   incurred in connection with this action.

26       **PRAYER FOR RELIEF**

27       **WHEREFORE**, Plaintiffs respectfully pray that the Court grant the following relief:

28       A.   A preliminary and permanent injunction prohibiting Defendant, its respective

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420237672v3

1  officers, agents, servants, employees and/or all persons acting in concert or participation with them,

2  or any of them, from: (1) using Plaintiffs' trademarks or confusingly similar variations thereof, alone

3  or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in

4  connection with any business or for any other purpose (including, but not limited to, on web sites

5  and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain

6  names containing Plaintiffs' trademarks or confusingly similar variations thereof, alone or in

7  combination with any other letters, words, phrases or designs;

8  B.      A preliminary and permanent injunction requiring the current domain name registrar

9  to transfer the Infringing Domain Names to Plaintiffs;

10  C.      An award of compensatory, consequential, statutory, and punitive damages to

11  Plaintiffs in an amount to be determined at trial;

12  D.      An award of interest, costs and attorneys' fees incurred by Plaintiffs in prosecuting

13  this action; and

14  E.      All other relief to which Plaintiffs are entitled.

15  DATED: this 20th day of May, 2014.

16

17  **GREENBERG TRAURIG, LLP**

18  */s/ Lauri S. Thompson*
    Mark G. Tratos (Bar No. 1086)
19  Lauri S. Thompson (Bar No. 6864)
    Laraine Burrell (Bar No. 8771)
20  3773 Howard Hughes Parkway
    Suite 400 North
21  Las Vegas, Nevada 89169
    *Counsel for Plaintiffs*

22

23

24

25

26

27

28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420237672v3