1  MARK G. TRATOS, ESQ.
   Nevada Bar No. 1086
2  tratosm@gtlaw.com
   LAURI S. THOMPSON, ESQ.
3  Nevada Bar No. 6846
   thompsonl@gtlaw.com
4  LARAINE BURRELL, ESQ.
   Nevada Bar No. 8771
5  burrelll@gtlaw.com
   GREENBERG TRAURIG, LLP
6  3773 Howard Hughes Parkway
   Suite 400 North
7  Las Vegas, Nevada 89169
   Telephone: (702) 792-3773
8  Facsimile: (702) 792-9002
   *Counsel for Plaintiffs*

9
10                  **UNITED STATES DISTRICT COURT**
                         **DISTRICT OF NEVADA**

11  HAKKASAN LV, LLC, a Nevada          Case No.: 2:14-cv-00798
    limited     liability     company,
12  HAKKASAN LIMITED, a foreign
    private limited company,             ~~[PROPOSED]~~
13
            Plaintiffs,                   ***EX PARTE* TEMPORARY**
14                                        **RESTRAINING ORDER**
    v.
15
    EZ LEASE PROPERTY
16  MANAGEMENT, LLC, also known as
    EZ LEASE PROPERTYS, a Nevada
17  limited liability company,

18          Defendant.
19

20      UPON CONSIDERATION of the Motion filed by Plaintiffs Hakkasan LV, LLC ("Hakkasan

21  LV") and Hakkasan Limited ("Hakkasan Parent"), requesting a temporary restraining order and

22  injunction requiring Defendant EZ Lease Property Management, LLC, also known as EZ Lease

23  Propertys, a Nevada limited liability company ("Defendant"), to immediately cease and desist all use

24  of    the    <mgmgrandhakkasan.com>,    <mgmhakkasannightclub.com>    and

25  <mgmgrandhakkasannightclub.com> domain names (the "Infringing Domain Names") and

26  Plaintiffs' trademarks and requiring the domain name registrar to lock the domain name at issue and

27  transfer them to Plaintiffs' counsel during the pendency of this matter and the supporting

28

1   Memorandum of Points and Authorities, the supporting Declarations and evidence, the record in this

2   case, and for other good cause shown:

3        THE COURT HEREBY FINDS THAT:

4        1.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C.

5   §§ 1331 and 1338.

6        2.      The Court has personal jurisdiction over the Defendant in that Defendant is a

7   domestic limited liability company organized and existing under the laws of the State of Nevada,

8   Defendant operates several websites on the Internet that are accessible to residents of the State of

9   Nevada, and  Defendant committed tortious acts that it knew or should have known would cause

10  injury to Plaintiffs in the State of Nevada.

11       3.      Hakkasan LV, a Nevada limited liability company, is an indirect wholly owned

12  subsidiary of Hakkasan Parent, a foreign private limited company that is qualified to do business in

13  the state of Nevada.  Hakkasan LV owns and operates Hakkasan, a premier nightclub and restaurant

14  venue located  inside the MGM Grand Hotel and Casino on the Las Vegas strip ("Hakkasan Las

15  Vegas").   Hakkasan Parent also owns and/or operates, either directly or through its subsidiary

16  companies, several other Hakkasan restaurants around the globe, including Dubai, London, New

17  York, San Francisco and Miami.  Furthermore, MGM and Hakkasan Parent have very recently

18  formed a Joint Venture to develop new non-gaming resorts.  MGM and Hakkasan Parent have an

19  agreement for handling domain names containing both entities' trademarks, and either entity is

20  entitled to control these domain names and enforce such rights.

21       4.      Hakkasan Parent owns the mark HAKKASAN in connection with, among other

22  things, restaurant, bar and nightclub services.  In particular, Hakkasan Parent owns federal trademark

23  registrations (U.S. Reg. Nos. 3,789,248 and 4,458,604) for HAKKASAN for, among other things,

24  bar and restaurant services, nightclubs, and nightclub services, and pending trademark applications

25  (U.S. Ser. Nos. 86/183953, 86/183947, and 86/183935) for entertainment services, retail store

26  services, clothing, and related goods and services (the "HAKKASAN Marks"). Hakkasan LV is a

27  licensee of the HAKKASAN Marks in connection with its ownership and operation of Hakkasan Las

28  Vegas.

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

LV 420240829v2

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1    5.    Plaintiffs have made extensive use of the HAKKASAN Marks on, among other

2    things, signage, billboards and promotional materials.

3    6.    Based on its federal trademark registrations, pending federal trademark applications

4    and extensive use, Hakkasan Parent owns the exclusive right to use its HAKKASAN Marks in

5    connection with restaurant, bar, nightclub and related goods and services.  As a licensee of the

6    HAKKASAN Marks and pursuant to an agreement between the parties, Hakkasan LV is entitled to

7    the exclusive right to use the HAKKASAN Marks in Las Vegas, Nevada in connection with

8    Hakkasan Las Vegas for restaurant, bar and nightclub services and is entitled to enforce its rights

9    against Defendant.

10    7.    The uniqueness of Hakkasan Las Vegas, along with the extensive advertising and

11    promotion of Hakkasan Las Vegas have resulted in the HAKKASAN name and mark being

12    distinctive and famous for bar, restaurant and nightclub services.

13    8.    Defendant has used the HAKKASAN Marks as part of the Infringing Domain Names

14    without Plaintiffs' authority or permission.

15    9.    Plaintiffs will suffer irreparable injury if the Court does not require the domain name

16    registrar Register.com (the "Registrar") to lock the Infringing Domain Names pending litigation of

17    this matter.

18    10.    Plaintiffs have demonstrated that they will suffer irreparable harm if a Temporary

19    Restraining Order is not entered *ex parte* because, immediately upon notice of suit and prior to

20    hearing, Defendant could transfer the Infringing Domain Names to another registrant or registrar.

21    Transfer of the Infringing Domain Names to another registrant may or deprive the Court of

22    jurisdiction and require Plaintiffs to file additional suits to chase the Infringing Domain Names to

23    recover their intellectual property.  Transfer of the Infringing Domain Names to another registrar

24    would require Plaintiffs to expend significant effort and financial resources to track the registrations.

25    11.    Plaintiffs have demonstrated likelihood of success on the merits of their

26    cybersquatting claims against Defendant under the Lanham Act, 15 U.S.C. § 1125(d).

27    12.    Plaintiffs have demonstrated likelihood of success on the merits of their trademark

28    infringement claims against Defendant under the Lanham Act, 15 U.S.C. § 1114, and Nevada law.

13.     Plaintiffs have demonstrated likelihood of success on the merits of their unfair competition claims against Defendant under the Lanham act, 15 U.S.C. § 1125(a).

14.     The balance of hardships tips in favor of Plaintiffs because issuance of the restraining order and injunction would merely lock the domain names pending trial, and failure to issue the restraining order and injunction would cause Plaintiffs to suffer irreparable injury to their name and marks and the associated goodwill if Defendant is not enjoined from registering, maintaining the registration on or using domain names containing Plaintiffs' marks or marks confusingly similar thereto.

15.     There is no likelihood of harm to the public from the temporary restraining order now being granted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that: the *ex parte* Application for Temporary Restraining Order is hereby GRANTED;

IT IS FURTHER ORDERED that, pursuant to 15 U.S.C. § 1125(d)(1)(C), the domain names <mgmgrandhakkasan.com>, <mgmhakkasannightclub.com>, and <mgmgrandhakkasannightclub.com> shall be immediately locked by the Registrar and/or its successor registrars and transfer the domain names to Plaintiffs' counsel during the pendency of this matter[1];

IT IS FURTHER ORDERED that Defendant will immediately cease and desist any and all use of the HAKKASAN name and mark and any and all variants thereto, including use of the Infringing Domain Names;

IT IS FURTHER ORDERED that the Registrar and/or its successor registrars remove all existing Domain Name Server (DNS) entries and corresponding addresses, and enter the Registrar's default Domain Name Server and address entries to prevent further damage caused by the infringing use of the Infringing Domain Names.

IT IS FURTHER ORDERED that Defendant shall file, pursuant to 15 U.S.C. § 1116(a), with this Court and serve upon Plaintiffs within thirty (30) days after entry of this Order, a report in

[1] Based on the Joint Venture between MGM and Hakkasan Parent, the Court notes that Hakkasan Parent is authorized to take possession of the Infringing Domain Names pending the resolution of this matter.

Page 4 of 6

*LV 420240829v2*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

1  writing under oath setting forth in detail the manner and form in which Defendant has complied with

2  this Court's Order; and

3       IT IS FURTHER ORDERED that Plaintiffs shall post a nominal bond of $ _/00.00_____

4  for the domain names at issue because the evidence indicates that Defendant will only suffer

5  minimal, if any, damage by the issuance of this temporary restraining order.

6              **ORDER SETTING HEARING FOR PRELIMINARY INJUNCTION**

7       UPON CONSIDERATION of the Motion, the Memorandum of Points and Authorities, the

8  supporting declarations and exhibits, the papers and pleadings on file in this matter and for good

9  cause shown;

10      1.     The Court hereby sets the hearing for the Motion for Preliminary Injunction on

11  _June 2_, 2014, at _9:30_ a.m./p.m., in Courtroom ___ at the Lloyd D. George United States

12  Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

13      2.     Further, the Court hereby sets the following briefing schedule relating to Plaintiffs'

14  Motion:

15      (a)    Defendant shall file and serve opposition papers, if any, no later than

16  _MAY 29_____, 2014; and

17      (b)    Plaintiffs shall file and serve their reply brief, if any, no later than _MAY 30___,

18  2014.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Page 5 of 6

3.     In addition, to ensure Defendant received timely notice of the hearing, given that Defendant must maintain accurate contact information with the domain name registrar, Plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve the Motion, this Order and all other pleadings filed to date on Defendant by electronic mail transmission.

DATED: ___22nd___ day of ___MAY___, 2014.

_____
UNITED STATES DISTRICT JUDGE

Respectfully submitted by:

GREENBERG TRAURIG, LLP

/s/ Laraine M.I. Burrell
_____
Mark G. Tratos (Bar No. 1086)
Lauri S. Thompson (Bar No. 6846)
Laraine M.I. Burrell (Bar No. 8771)
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
*Counsel for Plaintiffs*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone (702) 792-3773
Facsimile (702) 792-9002

LV 420240829v2