UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HAKKASAN LV., LLC, a Nevada limited liability company, HAKKASAN LIMITED, a foreign private limited company,<br><br>Plaintiffs,<br><br>vs.<br><br>EZ LEASE PROPERTY MANAGEMENT, LLC, also known as EZ LEASE PROPERTYS, a Nevada limited liability company,<br><br>Defendants. | Case No.: 2:14-cv-00798-APG-GWF<br><br>**ORDER CERTIFYING FACTS AND ORDERING DALE KEITH CRAWFORD TO APPEAR AND SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT** |

This matter is before the Court on Plaintiffs' Motion for Order to Show Cause Why Dale Keith Crawford Should Not be Held in Contempt for Failure to Appear at Subpoena Deposition (#34), filed on August 7, 2015. The motion contains a Certificate of Service showing that it was mailed to Dale Keith Crawford (hereinafter "Crawford") and EZ Lease Property Management, LLC, at 8600 Scholar Lane, #2060, Las Vegas, Nevada 89128. *Motion (#34), pg. 6.* 8600 Scholar Lane, #2060 is also the address where the subpoena to testify at deposition and produce documents was served on Dale Keith Crawford on June 19, 2015. *Motion (#34), Exhibit 3.*

On August 11, 2015, the Court issued a minute order scheduling a hearing on Plaintiffs' motion for September 10, 2015. Notice of the hearing, however, was sent only to the address for Defendant listed in the Court's docket, 848 North Rainbow Blvd #A69, Las Vegas, Nevada 89107. Because this address appeared to no longer be a current address for Defendant or Dale Keith Crawford, the Court scheduled a new hearing date for October 22, 2015 and ordered that notice of the hearing be sent to Defendant at 848 North Rainbow Blvd #A69, Las Vegas, Nevada 89107 and

300 S. Decatur Boulevard, Ste 10119, Las Vegas, Nevada 89102 and to Dale Keith Crawford, 8600 Scholar Lane, #2060, Las Vegas, Nevada 89128.  The mail addressed to these addresses was also returned by the United States Postal Service as undelivered.  *See Docket Nos. 40, 41 and 42.*

The Court conducted a hearing in this matter on October 22, 2015.  Plaintiffs' counsel appeared at the hearing.  Neither Crawford or any other representative of Defendant appeared at the hearing.  Nor has Defendant or Crawford filed any written response to Plaintiffs' motion for an order to show cause.

## BACKGROUND AND DISCUSSION

Plaintiffs request that Dale Keith Crawford be held in civil and/or criminal contempt for his failure to appear for his deposition on July 9, 2015 pursuant to a subpoena that was served upon him on June 19, 2015.  Pursuant to Title 28, Section 636(e)(2)(3) and (4) of the United States Code, a United States magistrate judge has the authority to punish as criminal contempt misbehavior occurring in his or her presence, and has criminal and civil contempt authority in civil cases in which the magistrate judge presides by consent of the parties and in misdemeanor cases.  A magistrate judge may, however, only impose a sentence for criminal contempt up to the penalties for a Class C misdemeanor – 30 days in jail and/or a fine up to $5,000.  Section 636(e)(5).

Section 636(e) further provides:

> **(6) Certification of other contempts to the district court.**--Upon the commission of any such act–
>
> (A) in any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section, or in any misdemeanor case proceeding before a magistrate judge under section 3401 of title 18, that may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection, or
>
> (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where–
>
> > (i) the act committed in the magistrate judge's presence may, in the opinion of the magistrate judge, constitute a serious criminal contempt punishable by penalties exceeding those set forth in paragraph (5) of this subsection,

> (ii) the act that constitutes a criminal contempt occurs outside the presence of the magistrate judge, or
>
> (iii) the act constitutes a civil contempt,
>
> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Pursuant to Section 636(e)(6), the undersigned Magistrate Judge hereby certifies to the District Judge the following facts that appear to provide grounds for a finding of civil contempt against Dale Keith Crawford:

1. That a Permanent Injunction and Default Judgment was entered against Defendant EZ Lease Property Management LLC, also known as EZ Lease Propertys on November 24, 2014. The default judgment included an award of $1,000 in nominal damages for corrective advertising; $100,000 in statutory damages for Defendant's willful trademark infringement; $300,000 in statutory damages for Defendant's willful cybersquatting; and $31,011.70 in attorneys' fees and costs. *Permanent Injunction and Default Judgment (#22), pg 4*;

2. That Dale Keith Crawford is the alleged owner of Defendant EZ Lease Property Management LLC, also known as EZ Lease Propertys;

3. That on June 19, 2015, Plaintiffs served a Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action on Dale Keith Crawford which required him to appear and testify and produce requested documents on July 9, 2015 at the law offices of Plaintiffs' counsel. *Motion (#34), Exhibit 1*;

4. That on July 1, 2015, Plaintiff's counsel, Shauna Norton, received an email from "Ez Lease Property Management L" which indicated that Defendant would not participate in the litigation and implied that Mr. Crawford would not appear in response to the subpoena. *Motion (#34), Exhibit 2*;

. . .

3

5. That Dale Keith Crawford did not appear for his deposition on July 9, 2015 and Plaintiffs' counsel made a record of his non-appearance. *Motion (#34), Exhibit 3*; and

6. That neither Defendant nor Dale Keith Crawford filed a written response to Plaintiffs' Motion for Order to Show Cause Why Dale Keith Crawford Should Not be Held in Contempt for Failure to Appear at Subpoena Deposition (#34). Defendant and Mr. Crawford also did not appear at the hearing before Court on October 22, 2015, although it appears that they are no longer at their last known addresses to which notice of the hearing was mailed.

Rule 69(a)(2) of the Federal Rules of Civil Procedure states that in aid of the judgment or execution, the judgment creditor may obtain discovery from any person, including the judgment debtor as provided in the rules. Fed.R.Civ.Pro. 45(g) states that the court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or order relating to it.

The undersigned Magistrate Judge finds that Dale Keith Crawford should be ordered to show cause why he should not be found in civil contempt for his failure to appear in response to the subpoena. The undersigned does not believe that criminal contempt proceedings are, as yet, warranted against Mr. Crawford. In the event the District Judge determines, however, that the certified facts potentially justify punishment for criminal contempt, then the notice and procedures prescribed in Rule 42 of the Federal Rules of Criminal Procedure should be followed. Accordingly,

**IT IS HEREBY ORDERED** that Dale Keith Crawford shall appear before District Judge on **November 24, 2015, at 9:00 a.m. in Courtroom 6C** at the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South to show cause why he should not be adjudged in civil contempt by reason of the foregoing certified facts.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded their reasonable attorney's fees and costs against Dale Keith Crawford incurred in connection with Mr. Crawford's failure to appear for his deposition and for having to bring their Motion for an Order to Show Cause. Plaintiffs are directed to file an application for costs.

a. Counsel for Plaintiffs shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees

and costs incurred in the motion addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

   b. Defendant shall have 15 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

   c. Counsel for Plaintiffs shall have 11 days from service of the responsive memorandum in which to file a reply.

   DATED this 23rd day of October, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge